11-1920-ag
Vila v. Holder

BIA
Vomacka, IJ
A078 323 385

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
>       PETER W. HALL,
>       GERARD E. LYNCH,
>       DENNY CHIN,
>              *Circuit Judges.*

_____

KASTRIOT VILA,
>       *Petitioner,*

>       v.                                            11-1920-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Caridad Pastor Cardinale, Pastor & Associates, P.C., Troy, Michigan.

FOR RESPONDENT:          Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kastriot Vila, a native and citizen of Albania, seeks review of an April 27, 2011, decision of the BIA affirming the April 27, 2009, decision of Immigration Judge ("IJ") Alan Vomacka denying his application for asylum and withholding of removal. *In re Kastriot Vila*, No. A078 323 385 (B.I.A. April 27, 2011), *aff'g* No. A078 323 385 (Immig. Ct. N.Y. City April 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We apply the "substantial evidence" standard of review, and will "uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir.

2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B). "By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng*, 562 F.3d at 513 (internal quotation marks and brackets omitted).

## I. Well-Founded Fear of Persecution

Vila contends that he established a well-founded fear of persecution based on evidence that members of the Albanian Socialist Party persecuted him due to his pro-democracy views. Because the IJ assumed past persecution, Vila was presumed to have a well-founded fear of persecution, but the IJ reasonably found that the government rebutted that presumption by establishing that the circumstances in Albania have fundamentally changed. *See* 8 C.F.R. § 1208.13(b)(1). According to the two State Department reports and the Organization for Security and Cooperation in Europe ("OSCE") reports on which the IJ relied, the Albanian government has been moving towards democratization, fostering electoral reforms, and undergoing peaceful transitions between governments. The reports also note that the country's Democratic Party gained control of the Albanian Parliament in 2005.

Contrary to Vila's assertions, the fact that the Socialist Party maintains popular support in his native village and in the country does not negate this fundamental change in interparty relations.  Absent contradictory evidence that the Socialist Party targets members of the majority Democratic Party, the IJ reasonably relied on these reports to conclude that Vila no longer had a well-founded fear of persecution.  *See Hoxhallari v. Gonzales*, 468 F.3d 179, 185-86 (2d Cir. 2006) (finding material change in Albania when State Department reports identify Albania as moving away from Communism and towards democratization).

## II.  Due Process Claims

Vila's claim of IJ bias is also unavailing.  In deciding whether an IJ has exhibited bias or hostility rising to the level of a due process violation, we examine whether (1) the alien was provided a "full and fair hearing" and a "meaningful opportunity to be heard," *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006), and (2) the IJ's conduct during the hearing prevents us from conducting a "meaningful review" of the agency's decision, *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008).

First, the IJ afforded sufficient due process when he took administrative notice of the country reports because he provided Vila the opportunity to review the reports, object, and rebut the information within the reports with his own evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 166-67 (2d Cir. 2008) (finding that procedural due process is satisfied when applicant is given opportunity to rebut the significance of potentially dispositive facts of which the agency has taken administrative notice).

Regarding Vila's perception that the IJ lacked "respect for the Petitioner" because the IJ suggested that Vila did not "stay and fight out the struggle" for his country, Vila takes the IJ's statement out of context. Read in conjunction with the entire opinion, the IJ was reasoning that the rise in popularity of the Democratic Party will discourage any attacks by the waning Socialist Party on Democratic Party members. Similarly, the IJ's comment that Vila had "the advantage of hindsight" in preparing his case is of no import because the IJ nevertheless assumed Vila's credibility. Accordingly, Vila's due process claims are without merit. *See Jian Hui Shao*, 546 F.3d at 166-67.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk